**THE LAW OFFICES OF DAVID CARLEBACH, ESQ.**
55 Broadway
Suite 1902
New York, NY 10006
David Carlebach
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com

*Proposed Attorney for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**---------------------------------------------------------x**
**In re:**                                                                                          **Chapter 11**

      **16TH STREET REGENCY LLC,**                   **Case No. 14-46104 - NHL**

                      **Debtor.**
**---------------------------------------------------------x**

## **FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL**

Upon the application, dated December 18, 2014 (the "Application")[1] of the above-captioned Debtor, by its proposed counsel, the Law Offices of David Carlebach, Esq., seeking entry of (1) an Interim Order authorizing the Debtor, pursuant to sections 105, 361 and 363 of the Bankruptcy Code, to utilize Cash Collateral *nunc pro tunc*, (2) an order to show cause to schedule an interim hearing an permit the Debtor's use of Cash Collateral (as defined in the Application) and provide adequate protection to Tissa 16th Corp. ("Tissa"), (3) following the Final Hearing, a final cash collateral order permitting the use of Cash Collateral (the "Final Order"); and an emergency hearing having been held before me on December            , 2014 (the "Interim Hearing") to consider the entry of an order authorizing the Debtor's interim use of Cash Collateral; and a Final Hearing having been held before me on December            , 2014

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

1

to consider the entry of a Final Order authorizing the Debtor's use of Cash Collateral in this case; and due deliberation having been had; and sufficient cause appearing to me therefor;

**NOW THEREFORE**, upon the Application, the pleadings in this case, and the record of the proceedings heretofore held before this Court with respect to the Application, this Court finds as follows:[2]

A. The Debtor is currently indebted to Tissa in the approximate amount of $3,933.573.04 as of February 27, 2014 (the "Pre-Petition Obligations") in connection with various pre-petition loans made by Tissa (or its predecessors) pursuant to a mortgage note, dated June 25, 2008 (the "Note"), and a mortgage modification, consolidation and extension agreement, dated June 25, 2008 (the "Mortgage"), in the principal amount of $1,900,000.00.

B. The estimated value of the Property is $4,000,000.00.

C. As evidenced by the affidavit(s) of service filed on the docket in this case, the Debtor has given notice of the Final Hearing to the Debtor's twenty (20) largest unsecured creditors, all secured creditors (including Tissa), all parties who have filed notice of appearances in this case and the United States Trustee (collectively, the "Notice Parties") by overnight mail, facsimile transmission and/or electronic mail on December            , 2014.

D. Such notice represents sufficient and adequate notice of the Application and the Final Hearing pursuant to Bankruptcy Rules 4001 and 9014 and no further notice of, or hearing on the final relief sought in the Application is necessary or required.

E. Consideration of the Application constitutes a "core proceeding" as defined in 28 U.S.C. §§157(b)(2)(A), (K), (M) and (O).

---

[2] Nothing asserted herein shall be used to prejudice or estop any party from subsequently contesting any of the factual assertions or for any other purpose.

F.   This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. §§157 and 1334.

G.   No committee, examiner or trustee has yet been appointed in this case.

H.   Good, adequate and sufficient cause has been demonstrated to justify the granting of the interim relief requested herein.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1.   The Debtor is hereby authorized to use Cash Collateral in accordance with and to the extent set forth in this Final Order as shown in the budget annexed hereto as Exhibit "1" (the "Budget").

2.   Pursuant to Sections 361 and 363(e), as adequate protection for any post-petition diminution in the value of Tissa's interests in the Pre-Petition Collateral, including without limitation, such diminutions as may be caused by the imposition of the automatic stay of section 362(a) of the Bankruptcy Code and by the Debtor's use of the Pre-Petition Collateral and/or Cash Collateral, Tissa is hereby granted a superpriority postpetition claim (the "Adequate Protection Claim" together with the Pre-Petition Obligations, the "Obligations") against the Debtor's estate.

3.   Pursuant to sections 361 and 363(e) of the Bankruptcy Code, as security for the Adequate Protection Claim, the Debtor (a) is hereby authorized to and does hereby grant to Tissa, a valid, binding, enforceable and automatically perfected lien, and/or security interest (collectively, "Liens," and as so granted to Tissa, the "Replacement Lien") in all of the Debtor's currently owned or hereafter acquired property and assets, (collectively, to the extent acquired after the Petition Date, the "Post-Petition Collateral" and together with the Pre-Petition Collateral and the Cash Collateral, the "Collateral.

4. Notwithstanding the foregoing, the Replacement Lien shall be subject to liens and other interests in property of the Debtor's estate existing as of the Petition Date that are both (a) valid, enforceable and not subject to avoidance by any trustee under the Bankruptcy Code and (b) senior under applicable non-bankruptcy law to, or encumber assets not encumbered by, Tissa's liens in the Pre-Petition Collateral as of the Petition Date.

5. The automatic stay provisions of section 362 are hereby modified to permit (a) the Debtor to implement and perform the terms of this Order, and (b) the Debtor to create, and Tissa to perfect, the Replacement Lien. Tissa shall not be required to file UCC financing statements or any other instruments with any other filing authority to perfect the Replacement Lien granted by this Order or to take any other actions to perfect such liens, which shall be deemed automatically perfected by the docketing of this Order by the Clerk of the Court.

6. If, however, Tissa shall elect for any reason to file, record or serve any such financing statements or other documents with respect to such Liens, then the Debtor shall execute same upon request and the filing, recording or service thereof (as the case may be) shall be deemed to have been made at the time of the commencement of the chapter 11 case on the Petition Date.

7. Each of the following shall constitute an "Event of Default" for the purposes of this Order:

   a. The Debtor's chapter 11 cases are dismissed or converted to cases under chapter 7 of the Bankruptcy Code;

   b. A chapter 11 trustee or examiner (but not a responsible officer or similar person) is appointed in the Debtor's chapter 11 case;

    c. The Debtor ceases operations of its current business or takes any material action for that purpose without the prior written consent of Tissa, except to the extent contemplated by the Budget or on further order of this Court obtained on notice to Tissa;

    d. The Debtor expends any material amounts of funds or monies for any purpose other than those set forth in the Budget;

    e. The Debtor fails to comply with any of the terms, provisions and conditions of this Order;

    f. The Debtor expends Cash Collateral for any line item in the Budget in an amount in excess of ten percent (10%) of the amount provided for such line item;

    g. Any non-compliance or default with any term of this Final Order shall not be deemed an Event of Default unless and until Tissa delivers written notice of such non-compliance or default to the Debtor's proposed counsel, at the following address: the Law Offices of David Carlebach, Esq., Attn: David Carlebach, Esq., 55 Broadway, Suite 1902, New York, NY 10005, and the noncompliance or default is not thereafter cured by the Debtor within five (5) business days after counsel's receipt of such written notice.

    h. Upon the occurrence of any Event of Default, Tissa may move this Court, on five (5) business days written notice to the Debtor and its counsel, to terminate the Debtor's use of Cash Collateral.

8. From and after the date of this Order and/or entry of any subsequent order, the Cash Collateral shall not, directly or indirectly, be used to pay administrative expenses of the Debtor and its estate except for those operating expenses (including the statutory fees of the

United States Trustee pursuant to 11 U.S.C. §1930) that are set forth in the Budget or with the written consent of CSA, *provided, however, that,* notwithstanding any provision of this Order to the contrary, the Cash Collateral may be used for the following carve-outs: (a) statutory fees required to be paid pursuant to 28 U.S.C. *§* 1930(a)(6) and any fees payable to the Clerk of the Bankruptcy Court; (b) the payment of fees and expenses of any chapter 7 trustee and any chapter 7 professionals in an aggregate amount as agreed to by Tissa and (c) the compensation and reimbursement of expenses that may be awarded to the properly retained professionals of the Debtor and the creditors' committee (if and when appointed).

9. The terms and conditions of this Final Order shall be (a) effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Fed. R. Bankr. P. 6004(g), 7062, 9014 or otherwise; and (b) not be stayed absent (i) an application by a party in interest for such stay in conformance with such Bankruptcy Rule. 8005, and (ii) a hearing upon notice to the Notice Parties, the Office of the United States Trustee and the Debtor's counsel.

10. The provisions of this Final Order and any actions taken pursuant hereto shall survive entry of any orders which may be entered confirming any plan of reorganization or which may be entered converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code or the appointment of a chapter 11 trustee, subject to the provisions of the Bankruptcy Code.

11. The terms and provisions of this Final Order, as well as the Adequate Protection Claim, the Replacement Lien and all other claims and Liens granted by this Final Order, shall: (a) continue in this or any other superseding case under the Bankruptcy Code; (b) be valid and binding on all parties in interest, including, without limitation, any official committee appointed

in this case, chapter 11 trustee, examiner or chapter 7 trustee; and (c) continue, notwithstanding any dismissal of the Debtor's bankruptcy case (and any such order of dismissal shall so provide), and such claims and Liens shall maintain their priority as provided by this Final Order until the Obligations are satisfied in full.

12. The Debtor is directed to serve a copy of this Final Order on the Office of the United States Trustee, the Notice Parties and all parties filing a notice of appearance, by facsimile, e-mail or regular mail, on or before December _____, 2014.

Dated: New York, New York
       December _____, 2014

 

_____
**NANCY HERSHEY LORD**
**UNITED STATES BANKRUPTCY JUDGE**